IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | 3:CV-05-868 |
| v. | : | 4:CR-03-200 |
| | : | |
| JOSE VEGA | : | Judge McClure |
| | : | |

**O R D E R**

May 2, 2005

**BACKGROUND:**

On February 5, 2004, this court imposed a sentence of 188 months on Jose Vega following his guilty plea to assaulting a federal officer with a dangerous weapon causing bodily injury, in violation of 18 U.S.C. § 111(a)(1) and (b).

The court now has before it Vega's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, filed on or about April 29, 2005. This is Vega's first § 2255 motion. Vega contends in grounds one and two of his motion that his conviction was obtained unlawfully and was involuntary. In his third ground, Vega asserts that in light of the recent case of United States v. Booker, – U.S. –, 125 S.Ct. 738 (2005),[1] he is entitled to resentencing by this court. Vega's

---

[1] Vega also asserts this ground on the basis of Blakely v. Washington.

1

motion will be denied as untimely, as there was nothing preventing Vega from asserting his plea was unlawfully and involuntarily obtained within a year from when his conviction became final and because Booker is not retroactively applicable to cases on collateral review that became final before January 12, 2005.

DISCUSSION:

In 1996 Congress passed the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective April 24, 1996. AEDPA, among other things, amended § 2255 to provide a one-year statute of limitations and also placed stringent restrictions on the filing of a second or successive motion.

Under 28 U.S.C. § 2255, Vega had one year from the date his conviction became final or the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. In the instant case, Vega did not file the motion within one year of the date on which the judgment became final. Vega did not file an appeal from the sentence we imposed on him.[2] Therefore, his conviction became final on February 15, 2004,

---

[2]Vega asserts in his § 2255 motion that "most importantly" he waived his rights to appeal when he pled guilty. (Mot., Rec. Doc. No. 32, at 4.) However, the second page of his judgment stated "YOU CAN APPEAL YOUR CONVICTION TO THE UNITED STATES COURT OF APPEALS IF YOU BELIEVE THAT YOUR GUILTY PLEA WAS SOMEHOW UNLAWFUL OR INVOLUNTARY. . . ." (J., Rec. Doc. No. 30, at 2.)

ten days after his sentence was imposed and when his opportunity for direct review was foreclosed.

Thus, the first two grounds in Vega's motion are untimely. Whether the third ground in Vega's present motion is timely depends on whether Booker declared a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255.

Booker did not expressly state whether it was retroactively applicable to cases that became final before Booker was decided. Several Courts of Appeals have addressed the issue and have concluded that Booker does not retroactively apply to cases in collateral proceedings. Guzman v. United States, – F.3d –, 2005 WL 803214, *4 (2d Cir. Apr. 8, 2005) ("Booker is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker was issued."); Humphress v. United States, 398 F.3d 855, 857 (6th Cir. 2005) ("Booker . . . does not apply retroactively to cases already final on direct review."); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) ("Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to §

3

2255 cases on collateral review.").

The Third Circuit, in the context of denying a second or successive motion under § 2255 brought by a prisoner seeking to apply Booker retroactively,[3] stated that "there is no combination of Supreme Court decisions that 'dictates' that Booker has retroactive force on collateral review." In re Olopade, – F.3d –, 2005 WL 820550, *3 (3d Cir. Apr. 11, 2005). The circuit court went on to discuss how the most analogous Supreme Court precedent strongly suggests Booker is not retroactive. Id. (discussing Schriro v. Summerlin, 542 U.S. –, 124 S.Ct. 2519 (2004)). Therefore, Booker is not retroactively applicable to cases on collateral review that were final before the January 12, 2005 decision. See United States v. Wheeler, No. 97-094 (M.D. Pa. Apr. 14, 2005) (Muir, J.). Consequently, Vega's motion under § 2255 is untimely and will be denied.

---

[3]The text governing retroactivity determinations for second or successive motions under § 2255 is slightly different from the text governing retroactivity for purposes of the statute of limitations on a first motion under § 2255. For purposes of second or successive motions the statute states "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 (emphasis added). For purposes of the statute of limitations on first motions the code states "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. (emphasis added). Thus, the statute only explicitly requires that the Supreme Court determine whether a new constitutional rule retroactively applies to second or successive motions under § 2255.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Vega's motion under § 2255 is denied. (Rec. Doc. No. 32.)

2. There is no basis for the issuance of a certificate of appealability.

3. The clerk is directed to close the case file docketed to 4:CV-05-0868.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge